UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-14330-MER |
| WAY TO GROW, INC., ) | |
| EIN: 90-1029102 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| PURE AGROBUSINESS, INC., ) | Case No. 18-14334-MER |
| EIN: 47-1002611 ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| GREEN DOOR AGRO, INC., ) | Case No. 18-14333-MER |
| EIN: 27-0801379 ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**OBJECTION TO MOTION OF BLUE MOOSE, LLC PURSUANT TO 11 U.S.C.§ 365(d)(3) TO COMPEL IMMEDIATE PAYMENT OF POST-PETITION RENT OBLIGATIONS**

The Debtor, Way To Grow, Inc. ("WTG" or "Debtor"), by and through its attorneys, Kutner Brinen, P.C., states its Objection to Motion of Blue Moose, LLC Pursuant to 11 U.S.C. § 365(d)(3) to Compel Immediate Payment of Post-Petition Rent Obligations ("Motion to Compel"), and in support thereof states as follows:

1. The Debtor filed its voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on May 18, 2018 ("Petition Date"). The Debtor remains a Debtor-in-Possession.

2. The Debtor is engaged in business as a retail vendor of hydroponic equipment and supplies in Colorado through 7 retail outlets and over the internet.

3. Pre-petition the Debtor entered into a Commercial Lease ("Fort Collins Lease") for certain real property located at 3201 East Mulberry Street, Units I, J, K, L, M, and N, Fort Collins, Colorado (the "Fort Collins Property") with Blue Moose, LLC ("Blue Moose").

4. Corey Inniss ("Corey") is the individual who sold WTG to Pure Agrobusiness, Inc. ("Pure") on January 1, 2016.

5. In connection with the sale of WTG, it appears that Corey's mother, Susan Inniss, her

ex-husband, James Blaha ("Blaha"), and Corey put together an elaborate fraud with respect to Pure. The leases that were executed by and between Susan and Blaha, through his company, Blue Moose, as landlords and WTG as tenant, including the Fort Collins Lease, were all put together and signed on January 1, 2016, after the sale closing.

6. Prior to the sale, WTG rented each of the individual units in the Fort Collins Property subject to a separate lease. It was only after that sale of WTG closed that Blaha and Corey executed the new Fort Collins Lease, which combined single lease for all six units at a significantly increased rate.

7. Pre-petition, in January 2018, the Debtor determined that it did not need Units M and N ("Vacant Units") and, at its own expense, constructed a wall to partition the unused units from the remainder of the Fort Collins Property.

8. The Debtor has removed all personal property from Units M and N and surrendered possession of the Vacant Units to Blue Moose.

9. The Debtor has surrendered possession to Units M and N by voluntary returning keys to the units to Blue Moose. The Debtor has further assisted in showing Blue Moose to prospective tenants, and/or purchasers of the Vacant Units.

10. In or around February 1, 2018, Blue Moose proposed a Lease Addendum, pursuant to which the Debtor would not be required to pay rent for the Vacant Units. The proposed Lease Addendum further required the Debtor to pay to reconstruct a staircase and bathroom removed prior to the sale of WTG.

11. The Debtor has stopped paying rent for the Vacant Units, but has remained current on the rent for Units I, J, K, and L.

12. Post-petition, on June 27, 2018, the Debtor filed a Complaint against Blaha and Blue Moose, in addition to Corey and Susan Inniss, asserting claims against Blaha and Blue Moose for avoidance of fraudulent transfers, breach of fiduciary duty, conversion of funds, disallowance of claims, and subordination of claims ("Inniss Adversary Proceeding").

13. Despite its prior willingness to waive payments for rent related to the Vacant Units, Blue Moose now demands immediate payment of post-petition rent obligations related to the Vacant Units.

14. The Debtor objects first on the basis that there is no basis to compel immediate payment of the post-petition rent related to the Vacant Units. The Debtor is not currently occupying

the Vacant Units, and Blue Moose agreed to waive payments for the Vacant Units on a pre-petition basis.

15. Furthermore, because the Debtor has vacated the Vacant Units and surrendered possession of the Vacant Units to Blue Moose, the Vacant Units are not providing any benefit to the estate.

16. Accordingly, the Motion to Compel should be denied.

17. Equitable grounds further exist to deny the Motion to Compel. The Debtor has claims against Blaha and Blue Moose for recovery of fraudulent transfers and conversion of funds due to Blaha and Blue Moose's actions in charging significantly above market rent for the Fort Collins Property. The Debtor has further alleged that the Fort Collins Lease itself constitutes a fraudulent transfer. Compelling the Debtor to now pay additional amounts for the above market rent charged by Blaha in furtherance of his fraudulent scheme when Blaha has previously waived payment to such amount is inherently inequitable, and contrary to the reorganization purpose of the Debtor's bankruptcy case.

18. Even to the extent the Court does not deny the Motion to Compel, cause exists to extend the time for performance.

19. Pursuant to 11 U.S.C. § 365(d)(3), the court may, for cause extend the time to perform any obligation arising under a nonresidential lease on a post-petition basis if such obligation arises within 60 days of the order for relief.

20. The alleged obligations for which Blue Moose seeks immediate payment arose during the first 60 days of the Debtor's bankruptcy case, and cause exists to extend the time for performance due to the claims pending in the Inniss Adversary Proceeding and the fact that the Debtor has vacated and surrendered possession of the Vacant Units.

21. The Debtor reserves the right to supplement and its Objection to the Motion to Compel as additional facts regarding the Fort Collins Lease come to light through the Inniss Adversary Proceeding.

**[remainder of page intentionally left blank]**

WHEREFORE the Debtor prays that the Court make and enter an Order denying the Motion to Compel, and for such further and additional relief as to the Court may appear proper.

DATED: June 29, 2018 Respectfully submitted,

By: */s/ Keri L. Riley*
    Lee M. Kutner, #10966
    Keri L. Riley, #47605
    **KUTNER BRINEN, P.C.**
    1660 Lincoln Street, Suite 1850
    Denver, CO 80264
    Telephone: (303) 832-2400
    Facsimile: (303) 832-1510
    Email: lmk@kutnerlaw.com